| | | |
|---|---|---|
| TONA SOUTHARDS-NARANJO, *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-990 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, *et al.*, | § | |
| *Defendants.* | § | |

---

### DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants Texas Department of Criminal Justice ("TDCJ"), University of Texas Medical Branch ("UTMB"), Texas Board of Criminal Justice ("TBCJ"), Bryan Collier ("Collier"), Lanette Linthicum ("Linthicum"), Michael Britt ("Britt"), Audrey England ("England"), Donald Muniz ("Muniz"), Daniel Dickerson ("Dickerson"), Jerry Sanchez ("Sanchez"), Owen Murray ("Murray"), Austine Aigbokhan ("Aigbokhan"), Mahaghony Walker ("Walker"), and Gene Miller ("Miller") (collectively, "Defendants"), through the Office of the Attorney General of Texas, respectfully submit their Answer to Plaintiffs Third Amended Complaint (D.E. 28) ("Complaint").

### GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b) and for the express purpose of requiring Plaintiffs to meet their burden of proof herein, Defendants deny each and every allegation contained in Plaintiffs' Complaint except those expressly admitted herein.

### ANSWER

1. Defendants deny the allegations in this paragraph.

2. Defendants deny the allegations in this paragraph.

3. Defendants deny the allegations in this paragraph, except admit that TDCJ and UTMB receive federal funding.

4.    Defendants deny the allegations in this paragraph.

5.    Defendants deny the allegations in this paragraph.

6.    Defendants admit the allegations in this paragraph.

7.    Defendants deny the allegations in this paragraph, except admit that TDCJ and UTMB maintain offices and employ individuals in Austin, Texas, among other locations.

8.    Defendants deny the allegations in this paragraph.

9.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

10.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

18. Defendants deny the allegations in this paragraph, except admits that TDCJ accepts federal funds, maintains offices in Austin, Texas, operates the Lane Murray Unit, the Hughes Unit, the Wainwright Unit, and the Estelle Unit, and has been served.

19. Defendants deny the allegations in this paragraph, except admits that UTMB accepts federal funds, maintains offices in Austin, Texas, provides health care to the majority of TDCJ inmates, and has been served.

20. Defendants deny the allegations in this paragraph, except admits that TBCJ maintains offices in Austin, Texas, is currently chaired by Eric Nichols, supervises TDCJ's Executive Director, and has been served.

21. Defendants deny the allegations in this paragraph, except admit that Collier was TDCJ's Executive Director at all times relevant to this lawsuit, and has been served.

22. Defendants deny the allegations in this paragraph, except admit that Linthicum was the Director of TDCJ's Health Services Division at all relevant times, and has been served.

23. Defendants deny the allegations in this paragraph, except admit that Britt was the warden of the Estelle Unit when Jon Southards ("Southards") died, and has been served.

24. Defendants deny the allegations in this paragraph, except admit that England was the warden of the Lane Murray Unit when Elizabeth Hagerty ("Hagerty") died, and has been served.

25. Defendants deny the allegations in this paragraph, except admit that Muniz was the warden of the Wainwright Unit when John Skinner ("Skinner") died, and has been served.

26. Defendants deny the allegations in this paragraph, except admit that Dickerson was TDCJ's Region I Regional Director when Southards and Skinner died, and has been served.

27. Defendants deny the allegations in this paragraph, except admit that Sanchez was TDCJ's Region VI Regional Director overseeing the Lane Murray Unit and Hughes Unit when Hagerty and John Manuel Castillo ("Castillo") died, and has been served

28.  Defendants deny the allegations in this paragraph, except admit that Murray was a Senior Vice President for UTMB's Correctional Managed Care Division at all relevant times and had some approval authority over certain UTMB programs, and has been served.

29.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph, except admit that Aigbokhan was a TDCJ correctional officer at the time of Southard's death, and has been served.

30.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph, except admit that Walker was a TDCJ correctional officer at the time of Southard's death, and has been served.

31.  Defendants deny the allegations in this paragraph, except admit that Miller was the warden of the Hughes Unit when Castillo died and can be served at the address listed.

32.  Defendants deny the allegations in this paragraph and refer to the cited article for the complete and accurate contents thereof.

33.  Defendants deny the allegations in this paragraph.

34.  Defendants deny the allegations in this paragraph, except admit that TBCJ delegates authority to, and has the power to replace, TDCJ's Executive Director.

35.  Defendants deny the allegations in this paragraph.

36.  Defendants deny the allegations in this paragraph, except admit that Collier testified in 2019 and refer to the transcript of that testimony for its complete and accurate contents.

37.  Defendants deny the allegations in this paragraph.

38.  Defendants deny the allegations in this paragraph and refer to the cited articles for the complete and accurate contents thereof.

39.  Defendants deny the allegations in this paragraph and refer to the cited article for the complete and accurate contents thereof.

40. Defendants deny the allegations in this paragraph.

41. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

42. Defendants deny the allegations in this paragraph, except admit that TDCJ prisoners have access to tap and ice water during the summer months and refer to the cited order for the complete and accurate contents thereof.

43. Defendants deny the allegations in this paragraph.

44. Defendants deny the allegations in this paragraph, except admits that TDCJ conducts wellness checks to assess heat-sensitive prisoners and refer to the cited policy for the complete and accurate contents thereof.

45. Defendants deny the allegations in this paragraph, except admit that Collier testified and refer to the transcript of that testimony for the complete and accurate contents thereof.

46. [Paragraph omitted].

47. Defendants deny the allegations in this paragraph, except admit that TDCJ installed fans in the Estelle Unit, Lane Murray Unit, Hughes Unit, and Wainwright Unit.

48. Defendants deny the allegations in this paragraph.

49. Defendants deny the allegations in this paragraph.

50. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

51. Defendants deny the allegations in this paragraph, except admit that a similar chart is included in TDCJ's Administrative Directive 10.64 ("AD-10.64") and refer to that chart and policy for the complete and accurate contents thereof.

52. Defendants deny the allegations in this paragraph and refer to the cited chart for the complete and accurate contents thereof.

53. Defendants deny the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph and refer to the cited chart for the complete and accurate contents thereof.

55. Defendants deny the allegations in this paragraph.

56. Defendants deny the allegations in this paragraph.

57. Defendants deny the allegations in this paragraph, except admit that certain medical conditions may make certain individuals more vulnerable to extreme temperatures.

58. Defendants deny the allegations in this paragraph, except admit that TDCJ has previously admitted that at least twenty-three men died from heat-related causes between 1998-2012.

59. Defendants deny the allegations in this paragraph, except admit that the listed individuals died at the stated ages and on the stated dates.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

62. Defendants deny the allegations in this paragraph, except admit that summary judgment was denied in the referenced case and refer to the cited order for the complete and accurate contents thereof.

63. Defendants deny the allegations in this paragraph.

64. Defendants deny the allegations in this paragraph, except admit that TDCJ and UTMB collaborate regarding heat mitigation strategies.

65. Defendants deny the allegations in this paragraph, except admit that Linthicum authored a memo following Ricky Robertson's death and refer to that memo for the complete and accurate contents thereof.

66. Defendants deny the allegations in this paragraph, except admit that Linthicum authored a memo following Dionicia Robles and James Shriver's deaths and refer to that memo for the

complete and accurate contents thereof.

67. Defendants deny the allegations in this paragraph, except admit that Palestine Regional Medical Center sent a letter to TDCJ in 2011 and refer to that letter for the complete and accurate contents thereof.

68. Defendants deny the allegations in this paragraph.

69. Defendants deny the allegations in this paragraph.

70. Defendants deny the allegations in this paragraph.

71. Defendants deny the allegations in this paragraph.

72. Defendants deny the allegations in this paragraph.

73. Defendants deny the allegations in this paragraph, except admit that there were three TDCJ inmate deaths in 2023 for which elevated temperatures were cited in their final autopsies as contributing factors.

74. Defendants deny the allegations in this paragraph.

75. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

78. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

79. Defendants deny the allegations in this paragraph and refer to the cited order and policies for the complete and accurate contents thereof.

80. Defendants deny the allegations in this paragraph.

81. Defendants deny the allegations in this paragraph.

82. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

83. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

84. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

85. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

86. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

87. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

88. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

89. Defendants deny the allegations in this paragraph, except admit that TBCJ's auditor investigated the cited temperature logs.

90. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

91. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

92. Defendants deny the allegations in this paragraph.

93. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

94. Defendants deny the allegations in this paragraph and refer to the cited order for the

complete and accurate contents thereof.

95. Defendants deny the allegations in this paragraph, except admit that senior wardens are responsible for overseeing security at their units.

96. Defendants admit the allegations in this paragraph.

97. Defendants admit the allegations in this paragraph.

98. Defendants admit the allegations in this paragraph.

99. Defendants admit the allegations in this paragraph.

100. Defendants deny the allegations in this paragraph, except admit that Britt, England, Miller, and Muniz had some authority to move prisoners within their respective units, subject to the dictates of the Unit Classification Committee ("UCC") and/or State Classification Committee ("SCC"), and TDCJ housing policy and procedures

101. Defendants deny the allegations in this paragraph, except admit that Britt, England, Miller, and Muniz had some authority to provide accommodations to prisoners with disabilities, subject to the dictates of their medical providers, the UCC, and/or the SCC.

102. Defendants deny the allegations in this paragraph, except admit that Sanchez was the Regional Director for Region VI, and that England and Miller's units fell within that region.

103. Defendants deny the allegations in this paragraph, except admit that Dickerson was the Regional Director for Region I, and that Britt and Muniz's units fell within that region.

104. Defendants deny the allegations in this paragraph, except admit that Sanchez and Dickerson oversaw the wardens and visited the units in their respective regions.

105. Defendants deny the allegations in this paragraph.

106. Defendants deny the allegations in this paragraph.

107. Defendants deny the allegations in this paragraph.

108. Defendants deny the allegations in this paragraph, except refer to the cited settlement for

the complete and accurate contents thereof.

109. Defendants deny the allegations in this paragraph.

110. Defendants deny the allegations in this paragraph, except admit that UTMB and TDCJ settled lawsuits related to allegedly heat-related deaths from 2011 and 2012.

111. Defendants deny the allegations in this paragraph and refer to the cited settlement for the complete and accurate contents thereof.

112. Defendants deny the allegations in this paragraph, except admit that Southards was not housed in air-conditioning when he died.

113. Defendants deny the allegations in this paragraph, except admit that Hargerty was not housed in air-conditioning when she died.

114. Defendants deny the allegations in this paragraph, except admit that Skinner was not housed in air-conditioning when he died.

115. Defendants deny the allegations in this paragraph, except admit that Castillo was not housed in air-conditioning when he died.

116. UTMB admits the allegations in this paragraph. The remaining Defendants deny the allegations in this paragraph.

117. Defendants deny the allegations in this paragraph.

118. Defendants deny the allegations in this paragraph.

119. Defendants deny the allegations in this paragraph.

120. Defendants deny the allegations in this paragraph.

121. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

122. Defendants deny the allegations in this paragraph.

123. Defendants deny the allegations in this paragraph.

124. Defendants deny the allegations in this paragraph.

125. Defendants deny the allegations in this paragraph.

126. Defendants deny the allegations in this paragraph.

127. Defendants deny the allegations in this paragraph.

128. Defendants deny the allegations in this paragraph.

129. Defendants deny the allegations in this paragraph.

130. Defendants deny the allegations in this paragraph and refer to the cited policies and transcript of the cited testimony for the complete and accurate contents thereof.

131. Defendants deny the allegations in this paragraph, except admit that UTMB medical providers can provide work-related medical restrictions and refer to the cited policies for the complete and accurate contents thereof.

132. Defendants deny the allegations in this paragraph, except admit that Southards, Skinner, Hagerty, and Castillo were assigned work-related heat restrictions.

133. Defendants deny the allegations in this paragraph.

134. Defendants deny the allegations in this paragraph, except admit that Southards, Hagerty, Castillo and Skinner did not have a heat score.

135. Defendants deny the allegations in this paragraph and refer to the transcript of the cited testimony for the complete and accurate contents thereof.

136. Defendants deny the allegations in this paragraph.

137. Defendants deny the allegations in this paragraph.

138. Defendants deny the allegations in this paragraph.

139. Defendants deny the allegations in this paragraph.

140. Defendants deny the allegations in this paragraph.

141. Defendants deny the allegations in this paragraph and refer to the cited study for the

contents thereof.

142. Defendants deny the allegations in this paragraph and refer to the cited study for the contents thereof.

143. Defendants deny the allegations in this paragraph and refer to the cited study for the contents thereof.

144. Defendants deny the allegations in this paragraph and refer to the cited study for the contents thereof.

145. Defendants deny the allegations in this paragraph and refer to the cited study for the contents thereof.

146. Defendants deny the allegations in this paragraph and refer to the cited study for the contents thereof.

147. Defendants deny the allegations in this paragraph and refer to the cited study for the contents thereof.

148. Defendants deny the allegations in this paragraph and refer to the cited study for the contents thereof.

149. Defendants deny the allegations in this paragraph and refer to the transcript of the cited testimony for the contents thereof.

150. Defendants deny the allegations in this paragraph.

151. Defendants deny the allegations in this paragraph.

152. Defendants deny the allegations in this paragraph and refer to the transcript of the cited testimony for the complete and accurate contents thereof.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

154. Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph.

155. Defendants deny the allegations in this paragraph.

156. Defendants deny the allegations in this paragraph.

157. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

158. Defendants deny the allegations in this paragraph.

159. Defendants deny the allegations in this paragraph.

160. Defendants deny the allegations in this paragraph.

161. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

162. Defendants deny the allegations in this paragraph.

163. Defendants deny the allegations in this paragraph.

164. Defendants deny the allegations in this paragraph.

165. Defendants deny the allegations in this paragraph, except admit that the Skyview Unit and Montford Unit are fully air-conditioned and refer to the cited policies for the complete and accurate contents thereof.

166. Defendants deny the allegations in this paragraph.

167. Defendants deny the allegations in this paragraph.

168. Defendants deny the allegations in this paragraph.

169. Defendants deny the allegations in this paragraph.

170. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

171. Defendants deny the allegations in this paragraph, except admit that UTMB may assign housing restrictions for inmates, subject to security considerations and dictates of the UCC

and SCC, and refer to the cited policies for the complete and accurate contents thereof.

172. Defendants deny the allegations in this paragraph, except admit that UTMB may assign medical work restrictions for inmates, including work restrictions related to heat exposure, and refer to the cited policies for the complete and accurate contents thereof.

173. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

174. Defendants deny the allegations in this paragraph.

175. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

176. Defendants deny the allegations in this paragraph.

177. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

178. Defendants deny the allegations in this paragraph.

179. Defendants deny the allegations in this paragraph, except admit that certain conditions and medications can affect heat tolerance, and refer to the cited policies for the complete and accurate contents thereof.

180. Defendants deny the allegations in this paragraph.

181. Defendants deny the allegations in this paragraph, except admit that TDCJ trained its officers on heat mitigation policies.

182. Defendants deny the allegations in this paragraph.

183. Defendants deny the allegations in this paragraph, except admit that Texas county jails are required to be air-conditioned, and refer to the cited statutes for the complete and accurate contents thereof.

184. Defendants deny the allegations in this paragraph and refer to the transcript of the cited

testimony for the complete and accurate contents thereof.

185. Defendants deny the allegations in this paragraph, except admit that TDCJ installed air-conditioning at certain facilities housing illegal aliens.

186. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

187. Defendants deny the allegations in this paragraph, except admit that Southards was assigned to the Estelle Unit on June 22, 2023.

188. Defendants deny the allegations in this paragraph.

189. Defendants deny the allegations in this paragraph.

190. Defendants deny the allegations in this paragraph and refer to the cited warning for the complete and accurate contents thereof.

191. Defendants deny the allegations in this paragraph and refer to the cited warnings for the complete and accurate contents thereof.

192. Defendants deny the allegations in this paragraph.

193. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

194. Defendants deny the allegations in this paragraph.

195. Defendants deny the allegations in this paragraph.

196. Defendants deny the allegations in this paragraph.

197. Defendants deny the allegations in this paragraph.

198. Defendants deny the allegations in this paragraph.

199. Defendants deny the allegations in this paragraph.

200. Defendants deny the allegations in this paragraph.

201. Defendants deny the allegations in this paragraph.

202. Defendants deny the allegations in this paragraph.

203. Defendants deny the allegations in this paragraph.

204. Defendants admit the allegations in this paragraph.

205. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

206. Defendants deny the allegations in this paragraph.

207. Defendants deny the allegations in this paragraph.

208. Defendants deny the allegations in this paragraph.

209. Defendants deny the allegations in this paragraph.

210. Defendants deny the allegations in this paragraph.

211. Defendants deny the allegations in this paragraph.

212. Defendants deny the allegations in this paragraph.

213. Defendants deny the allegations in this paragraph.

214. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

215. Defendants admit the allegations in this paragraph.

216. Defendants deny the allegations in this paragraph.

217. Defendants deny the allegations in this paragraph.

218. Defendants deny the allegations in this paragraph.

219. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph, except deny that Southards died from the heat and that he would not have died if he had been housed in an air-conditioned cell.

220. Defendants deny the allegations in this paragraph.

221. Defendants deny the allegations in this paragraph and refer to the cited order for the

complete and accurate contents thereof.

222. Defendants deny the allegations in this paragraph, except admit that Hagerty was assigned to a non-air-conditioned cell at the Lane Murray Unit from June 19, 2023 until her death.

223. Defendants deny the allegations in this paragraph.

224. Defendants deny the allegations in this paragraph.

225. Defendants deny the allegations in this paragraph and refer to the cited warnings for the complete and accurate contents thereof.

226. Defendants deny the allegations in this paragraph.

227. Defendants deny the allegations in this paragraph.

228. Defendants deny the allegations in this paragraph.

229. Defendants deny the allegations in this paragraph, except admit that Hagerty was assigned to a kitchen job and lack knowledge or information sufficient to form a belief as to whether Hagerty was seen by medical on June 23, 2023.

230. Defendants deny the allegations in this paragraph.

231. Defendants deny the allegations in this paragraph.

232. Defendants deny the allegations in this paragraph.

233. Defendants deny the allegations in this paragraph.

234. Defendants deny the allegations in this paragraph.

235. Defendants deny the allegations in this paragraph.

236. Defendants deny the allegations in this paragraph.

237. Defendants deny the allegations in this paragraph, except admit that Hagerty was found unresponsive in her un-air-conditioned cell at midnight on June 30, 2023.

238. Defendants deny the allegations in this paragraph.

239. Defendants admit the allegations in this paragraph, except deny that Hagerty's expected

release date was August 2, 2023.

240. Defendants deny the allegations in this paragraph.

241. Defendants deny the allegations in this paragraph, except admit that Hagerty's autopsy listed heat as one of several factors which contributed to her death, and refer to the transcript of the cited testimony for the complete and accurate contents thereof.

242. Defendants deny the allegations in this paragraph.

243. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

244. Defendants deny the allegations in this paragraph.

245. Defendants deny the allegations in this paragraph.

246. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

247. Defendants deny the allegations in this paragraph.

248. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

249. Defendants deny the allegations in this paragraph, except admit that Skinner was not assigned to an air-conditioned cell at the Wainwright Unit.

250. Defendants deny the allegations in this paragraph.

251. Defendants deny the allegations in this paragraph and refer to the cited warnings for the complete and accurate contents thereof.

252. Defendants deny the allegations in this paragraph.

253. Defendants deny the allegations in this paragraph.

254. Defendants deny the allegations in this paragraph.

255. Defendants deny the allegations in this paragraph.

256. Defendants deny the allegations in this paragraph.

257. Defendants deny the allegations in this paragraph.

258. Defendants deny the allegations in this paragraph.

259. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

260. Defendants deny the allegations in this paragraph, except admit that Walker was assigned to Skinner's housing area on July 30, 2023.

261. Defendants deny the allegations in this paragraph.

262. Defendants deny the allegations in this paragraph.

263. Defendants deny the allegations in this paragraph.

264. Defendants deny the allegations in this paragraph.

265. Defendants deny the allegations in this paragraph.

266. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph.

267. Defendants deny the allegations in this paragraph.

268. Defendants deny the allegations in this paragraph.

269. Defendants admit the allegations in this paragraph.

270. Defendants deny the allegations in this paragraph.

271. Defendants deny the allegations in this paragraph.

272. Defendants deny the allegations in this paragraph, except admit that Castillo was assigned to non-air-conditioned housing at the Hughes Unit from April 4, 2023 until his death.

273. Defendants deny the allegations in this paragraph.

274. Defendants deny the allegations in this paragraph.

275. Defendants deny the allegations in this paragraph and refer to the cited warnings for the

complete and accurate contents thereof.

276. Defendants deny the allegations in this paragraph.

277. Defendants deny the allegations in this paragraph.

278. Defendants deny the allegations in this paragraph.

279. Defendants deny the allegations in this paragraph, except admit that Castillo was not assigned air-conditioned housing and did not have a heat score.

280. Defendants deny the allegations in this paragraph.

281. Defendants deny the allegations in this paragraph.

282. Defendants deny the allegations in this paragraph.

283. Defendants deny the allegations in this paragraph.

284. Defendants deny the allegations in this paragraph.

285. Defendants deny the allegations in this paragraph.

286. Defendants deny the allegations in this paragraph.

287. Defendants deny the allegations in this paragraph, except admit that Castillo was seen by medical staff.

288. Defendants deny the allegations in this paragraph, except deny that Castillo was due to complete his sentence on March 1, 2025.

289. Defendants deny the allegations in this paragraph.

290. Defendants deny the allegations in this paragraph.

291. Defendants deny the allegations in this paragraph and refer to the transcript of the cited testimony for the complete and accurate contents thereof.

292. Defendants deny the allegations in this paragraph.

293. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

294. Defendants deny the allegations in this paragraph, except admit that Castillo was found unresponsive on August 5, 2023 and that he was diagnosed with certain conditions and prescribed certain medications, and refer to the transcript of the cited testimony for the complete and accurate contents thereof.

295. Defendants deny the allegations in this paragraph.

296. Defendants deny the allegations in this paragraph

297. Defendants deny the allegations in this paragraph.

298. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a belief as to whether Southards was prescribed Duloxetine.

299. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a belief as to whether Southards was carbamazepine.

300. Defendants deny the allegations in this paragraph, except admit that UTMB assigned Southards certain work restrictions.

301. Defendants deny the allegations in this paragraph.

302. Defendants deny the allegations in this paragraph.

303. Defendants deny the allegations in this paragraph.

304. Defendants deny the allegations in this paragraph.

305. Defendants deny the allegations in this paragraph.

306. Defendants deny the allegations in this paragraph.

307. Defendants deny the allegations in this paragraph.

308. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

309. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

310. Defendants deny the allegations in this paragraph.

311. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

312. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

313. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

314. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

315. Defendants deny the allegations in this paragraph.

316. Defendants deny the allegations in this paragraph.

317. Defendants deny the allegations in this paragraph.

318. Defendants deny the allegations in this paragraph.

319. Defendants deny the allegations in this paragraph.

320. Defendants deny the allegations in this paragraph.

321. Defendants deny the allegations in this paragraph.

322. Defendants deny the allegations in this paragraph.

323. Defendants deny the allegations in this paragraph.

324. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

325. Defendants deny the allegations in this paragraph, except admit that UTMB assigned Southards certain work restrictions.

326. Defendants deny the allegations in this paragraph.

327. Defendants deny the allegations in this paragraph.

328. Defendants deny the allegations in this paragraph.

329. Defendants deny the allegations in this paragraph.

330. Defendants deny the allegations in this paragraph.

331. Defendants deny the allegations in this paragraph.

332. Defendants deny the allegations in this paragraph.

333. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

334. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

335. Defendants deny the allegations in this paragraph.

336. Defendants deny the allegations in this paragraph.

337. Defendants deny the allegations in this paragraph.

338. Defendants deny the allegations in this paragraph.

339. Defendants deny the allegations in this paragraph.

340. Defendants deny the allegations in this paragraph.

341. Defendants deny the allegations in this paragraph.

342. Defendants deny the allegations in this paragraph.

343. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

344. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

345. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

346. Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph.

347. Defendants deny the allegations in this paragraph, except admit that Hagerty was prescribed Citalopram by UTMB.

348. Defendants deny the allegations in this paragraph, except admit that Hagerty was prescribed Citalopram by UTMB.

349. Defendants deny the allegations in this paragraph, except admit that UTMB assigned Hagerty certain work restrictions.

350. Defendants deny the allegations in this paragraph.

351. Defendants deny the allegations in this paragraph.

352. Defendants deny the allegations in this paragraph.

353. Defendants deny the allegations in this paragraph.

354. Defendants deny the allegations in this paragraph.

355. Defendants deny the allegations in this paragraph.

356. Defendants deny the allegations in this paragraph, except admit that Hagerty's BMI was 36.4 at the time of her death.

357. Defendants deny the allegations in this paragraph.

358. Defendants deny the allegations in this paragraph.

359. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

360. Defendants deny the allegations in this paragraph and refer to the cited settlement for the complete and accurate contents thereof.

361. Defendants deny the allegations in this paragraph.

362. Defendants deny the allegations in this paragraph.

363. Defendants deny the allegations in this paragraph.

364. Defendants deny the allegations in this paragraph.

365. Defendants deny the allegations in this paragraph.

366. Defendants deny the allegations in this paragraph.

367. Defendants deny the allegations in this paragraph.

368. Defendants deny the allegations in this paragraph.

369. Defendants deny the allegations in this paragraph.

370. Defendants deny the allegations in this paragraph.

371. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

372. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

373. Defendants deny the allegations in this paragraph.

374. Defendants deny the allegations in this paragraph.

375. Defendants deny the allegations in this paragraph.

376. Defendants deny the allegations in this paragraph, except admit that Hagerty was diagnosed with hyperlipidemia.

377. Defendants deny the allegations in this paragraph.

378. Defendants deny the allegations in this paragraph.

379. Defendants deny the allegations in this paragraph.

380. Defendants deny the allegations in this paragraph.

381. Defendants deny the allegations in this paragraph.

382. Defendants deny the allegations in this paragraph.

383. Defendants deny the allegations in this paragraph.

384. Defendants deny the allegations in this paragraph.

385. Defendants deny the allegations in this paragraph.

386. Defendants deny the allegations in this paragraph.

387. Defendants deny the allegations in this paragraph.

388. Defendants deny the allegations in this paragraph.

389. Defendants deny the allegations in this paragraph.

390. Defendants deny the allegations in this paragraph.

391. Defendants deny the allegations in this paragraph.

392. Defendants deny the allegations in this paragraph.

393. Defendants deny the allegations in this paragraph.

394. Defendants deny the allegations in this paragraph.

395. Defendants deny the allegations in this paragraph.

396. Defendants deny the allegations in this paragraph, except admit that Skinner was diagnosed with PTSD by UTMB.

397. Defendants deny the allegations in this paragraph.

398. Defendants deny the allegations in this paragraph.

399. Defendants deny the allegations in this paragraph.

400. Defendants deny the allegations in this paragraph, except admit that Skinner was prescribed antipsychotic medications.

401. Defendants deny the allegations in this paragraph, except admit that Skinner was prescribed ziprasidone by UTMB.

402. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

403. Defendants deny the allegations in this paragraph, except admit that Skinner was prescribed diphenhydramine by UTMB.

404. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

405. Defendants deny the allegations in this paragraph, except admit that UTMB assigned Skinner certain work restrictions.

406. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a belief as to whether Skinner requested air-conditioned housing.

407. Defendants deny the allegations in this paragraph.

408. Defendants deny the allegations in this paragraph.

409. Defendants deny the allegations in this paragraph.

410. Defendants deny the allegations in this paragraph.

411. Defendants deny the allegations in this paragraph.

412. Defendants deny the allegations in this paragraph.

413. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

414. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a belief as to whether Skinner was diagnosed oxybutynin and, if so, whether it was to treat his urinary disorder.

415. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

416. Defendants deny the allegations in this paragraph, except admit that oxybutynin is an anticholinergic.

417. Defendants deny the allegations in this paragraph.

418. Defendants deny the allegations in this paragraph.

419. Defendants deny the allegations in this paragraph.

420. Defendants deny the allegations in this paragraph.

421.  Defendants deny the allegations in this paragraph.

422. Defendants deny the allegations in this paragraph

423. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

424. Defendants deny the allegations in this paragraph

425. Defendants deny the allegations in this paragraph

426. Defendants deny the allegations in this paragraph

427. Defendants deny the allegations in this paragraph.

428. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

429. Defendants deny the allegations in this paragraph, except admit that Skinner was prescribed amlodipine and lisinopril by UTMB.

430. Defendants deny the allegations in this paragraph

431. Defendants deny the allegations in this paragraph and refer to the cited policies for the complete and accurate contents thereof.

432. Defendants deny the allegations in this paragraph.

433. Defendants deny the allegations in this paragraph.

434. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a believe as to whether Skinner requested air-conditioned housing.

435. Defendants deny the allegations in this paragraph.

436. Defendants deny the allegations in this paragraph.

437. Defendants deny the allegations in this paragraph.

438. Defendants deny the allegations in this paragraph.

439. Defendants deny the allegations in this paragraph.

440. Defendants deny the allegations in this paragraph.

441. Defendants deny the allegations in this paragraph.

442. Defendants deny the allegations in this paragraph.

443. Defendants deny the allegations in this paragraph.

444. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a believe as to whether UTMB prescribed Castillo sertraline.

445. Defendants deny the allegations in this paragraph, except admit that UTMB assigned Skinner certain work restrictions.

446. Defendants deny the allegations in this paragraph.

447. Defendants deny the allegations in this paragraph.

448. Defendants deny the allegations in this paragraph.

449. Defendants deny the allegations in this paragraph.

450. Defendants deny the allegations in this paragraph.

451. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a believe as to whether UTMB prescribed Castillo oxybutynin.

452. Defendants deny the allegations in this paragraph.

453. Defendants deny the allegations in this paragraph.

454. Defendants deny the allegations in this paragraph.

455. Defendants deny the allegations in this paragraph.

456. Defendants deny the allegations in this paragraph.

457. Defendants deny the allegations in this paragraph.

458. Defendants deny the allegations in this paragraph.

459. Defendants lack knowledge or information sufficient to form a believe as to the truth of the

allegations in this paragraph.

460. Defendants deny the allegations in this paragraph.

461. Defendants deny the allegations in this paragraph.

462. Defendants deny the allegations in this paragraph, except lack knowledge or information sufficient to form a believe as to whether UTMB prescribed Castillo phenytoin.

463. Defendants deny the allegations in this paragraph.

464. Defendants deny the allegations in this paragraph.

465. Defendants deny the allegations in this paragraph and refer to the cited settlement for the complete and accurate contents thereof.

466. Defendants deny the allegations in this paragraph.

467. Defendants deny the allegations in this paragraph.

468. Defendants deny the allegations in this paragraph.

469. Defendants deny the allegations in this paragraph.

470. Defendants deny the allegations in this paragraph.

471. Defendants deny the allegations in this paragraph.

472. Defendants deny the allegations in this paragraph.

473. Defendants deny the allegations in this paragraph.

474. No response required.

475. Defendants deny the allegations in this paragraph.

476. Defendants deny the allegations in this paragraph.

477. Defendants deny the allegations in this paragraph.

478. Defendants deny the allegations in this paragraph.

479. Defendants deny the allegations in this paragraph.

480. Defendants deny the allegations in this paragraph.

481. Defendants deny the allegations in this paragraph.

482. Defendants deny the allegations in this paragraph.

483. Defendants deny the allegations in this paragraph.

484. No response required.

485. Defendants deny the allegations in this paragraph.

486. Defendants deny the allegations in this paragraph.

487. Defendants deny the allegations in this paragraph.

488. Defendants deny the allegations in this paragraph.

489. Defendants deny the allegations in this paragraph.

490. Defendants deny the allegations in this paragraph and refer to the cited order for the complete and accurate contents thereof.

491. Defendants deny the allegations in this paragraph.

492. Defendants deny the allegations in this paragraph.

493. Defendants deny the allegations in this paragraph.

494. Defendants deny the allegations in this paragraph.

495. Defendants deny the allegations in this paragraph.

496. No response required.

497. Defendants deny the allegations in this paragraph.

498. Defendants deny the allegations in this paragraph.

499. Defendants deny the allegations in this paragraph.

500. Defendants deny the allegations in this paragraph.

501. Defendants deny the allegations in this paragraph.

502. Defendants deny the allegations in this paragraph.

503. Defendants deny the allegations in this paragraph.

504. Defendants deny the allegations in this paragraph.

505. Defendants deny the allegations in this paragraph.

506. Defendants deny the allegations in this paragraph.

507. Defendants deny the allegations in this paragraph.

508. Defendants deny the allegations in this paragraph.

509. Defendants deny the allegations in this paragraph, except admit that TDCJ and UTMB receive federal funds.

510. Defendants deny the allegations in this paragraph and refer to the cited statute for the complete and accurate contents thereof.

511. Defendants deny the allegations in this paragraph and refer to the cited statute for the complete and accurate contents thereof.

512. Defendants deny the allegations in this paragraph and refer to the cited statutes for the complete and accurate contents thereof.

513. Defendants deny the allegations in this paragraph.

514. Defendants deny the allegations in this paragraph.

515. Defendants deny the allegations in this paragraph.

516. Defendants deny the allegations in this paragraph.

517. Defendants deny the allegations in this paragraph.

518. Defendants deny the allegations in this paragraph.

519. Defendants deny the allegations in this paragraph.

520. Defendants deny the allegations in this paragraph.

521. Defendants deny the allegations in this paragraph.

522. Defendants deny the allegations in this paragraph.

523. Defendants deny the allegations in this paragraph.

524. Defendants deny the allegations in this paragraph.

525. Defendants deny the allegations in this paragraph.

526. Defendants deny the allegations in this paragraph.

527. Defendants deny the allegations in this paragraph.

528. Defendants deny the allegations in this paragraph and refer to the cited settlement for the complete and accurate contents thereof.

529. Defendants deny the allegations in this paragraph.

530. Defendants deny the allegations in this paragraph.

531. Defendants deny the allegations in this paragraph.

532. Defendants deny the allegations in this paragraph.

533. Defendants deny the allegations in this paragraph.

534. Defendants deny the allegations in this paragraph.

535. Defendants deny the allegations in this paragraph.

536. Defendants deny the allegations in this paragraph.

537. Defendants deny the allegations in this paragraph.

538. Defendants deny the allegations in this paragraph.

539. Defendants deny the allegations in this paragraph.

540. Defendants deny the allegations in this paragraph.

541. Defendants deny the allegations in this paragraph.

542. Defendants deny the allegations in this paragraph.

543. Defendants deny the allegations in this paragraph.

544. Defendants deny the allegations in this paragraph.

545. Defendants deny the allegations in this paragraph.

546. Defendants deny the allegations in this paragraph.

547. Defendants deny the allegations in this paragraph.

548. Defendants deny the allegations in this paragraph.

549. Defendants deny the allegations in this paragraph.

550. Defendants deny the allegations in this paragraph.

551. Defendants deny the allegations in this paragraph.

552. Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

553. Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.

554. Defendants also request a trial by jury on all issues so triable.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

1. Defendants deny that Plaintiffs, Southards, Hagerty, Skinner, or Castillo were deprived of any right, privilege or immunity granted or secured by the Constitution or laws of the United States or the state of Texas.

2. Defendants deny that Plaintiffs are entitled to any relief whatsoever, whether under state or federal law, including without limitation compensatory damages, punitive damages, injunctive relief, declaratory relief, attorney's fees, expert fees, costs or any other type of relief.

3. Defendants assert that at all times relevant to the allegations against them, they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States.

4. Defendants assert that Plaintiffs may have failed to mitigate or avoid their alleged damages.

5. Defendants assert their right to all applicable immunities, including but not limited to sovereign immunity, official immunity, and qualified immunity.

6. Defendants assert that Plaintiffs' claims against them cannot be brought under the Texas

Wrongful Death Statute or Texas Survival Statute because Defendants' actions did not cause the deaths or injuries giving rise to this action.

7. Defendants assert that this action should be severed into four separate actions, one for each of the decedents, and that the Western District of Texas, Austin Division, is not the proper venue for any of those four severed actions.

8. TDCJ, UTMB, and TBCJ assert that they acted, if they acted at all, in compliance with the requirements of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA").

9. TDCJ, UTMB, and TBCJ invoke the undue hardship defense under the ADA and RA.

10. Defendants assert that some or all of Plaintiffs' claims may be time-barred under the applicable statute(s) of limitations.

11. Defendants assert that some or all of Plaintiffs' claims may be barred by *res judicata*, claim preclusion, issue preclusion, and/or the doctrine of laches.

12. Defendants assert their right to raise additional defenses as they become apparent during the factual development of this case.

Respectfully submitted,

KEN PAXTON
Attorney General of Teas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

BRIANA M. WEBB
Acting Division Chief
Law Enforcement Defense Division

*/s/ Michael J. Calb*
**MICHAEL J. CALB**
Assistant Attorney General
Attorney-In-Charge
Texas State Bar No. 24126986
Michael.Calb@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, **Michael J. Calb**, Assistant Attorney General of Texas, certify that a copy of the above and foregoing has been served on all counsel of record via the Electronic Case Files System for the Western District of Texas on September 4, 2025.

*/s/ Michael J. Calb*
**MICHAEL J. CALB**
Assistant Attorney General